IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHILO R. HALL, ) | |
| ) | |
| Plaintiff, ) | Case No. CV03-077-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| HAGERMAN JOINT SCHOOL DISTRICT, et al, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter is Plaintiff's motion to alter or amend this Court's order granting Defendant's motion for summary judgment. The parties have filed their responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(b).

**Standard of Law**

Motions to alter or amend are raised pursuant to Federal Rule of Civil Procedure 59(e). The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. (Citations omitted). Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

MEMORANDUM ORDER - Page 1
05ORDERS\HALL_recon.WPD

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

## Discussion

The facts in this case involve an employment dispute between a former employee Plaintiff Shilo R. Hall and Defendants Hagerman Joint School District #233, Lee R. Mitchell, Kevin Cato, and Lonnie Funkhouser. The complaint alleged discrimination in violation of certain civil rights statutes and breach of the employment contract. The Court granted Defendants' motion for summary judgment on all claims. (Dkt No. 54). As a result, Plaintiff filed the instant motion challenging the Court's conclusions as to the civil rights claims.[1] Plaintiff argues the Court committed clear error by making credibility determinations, failing to view the evidence in the light most favorable to the non-moving party, applying the wrong standard for causal connection as to the retaliation claim, and in dismissing her § 1983 claim. In response, the Defendants contend the

---

[1] Plaintiff does not appear to challenge the Court's order regarding her breach of contract and related contract claims.

motion raises new claims not previously presented to the Court on the original motion and fails to properly raise any of the grounds upon which a motion to alter or amend can be based. The Defendants also assert the Court did not err and the motion should be denied.

In this case, the Court weighed through Plaintiff's varied allegations and arguments in an attempt to save the claims but to no avail. Quite simply, the complaint and arguments raised on summary judgement were a moving target; for the most part Plaintiff blurred her arguments regarding Title IX and Title VII. Ultimately, even the Court's best efforts could not save the claims. The instant motion now asks the Court to reevaluate the facts and arguments previously raised and the motion seems to raise some what new arguments although made upon similarly raised allegations. As before, Plaintiff's arguments merge and overlap the Title IX and Title VII claims and confuse the Court's separate and distinct conclusions as to each of those claims.[2] The Court does not have the luxury of time to rehash arguments previously made or those which the parties wish had been made, nor is such an exercise appropriate on such a motion. The Court's order identified the correct legal standard and applied that standard to the record in reaching its decision. Having reviewed the arguments in this motion the Court concludes there was no clear error or manifest injustice and summary judgment is proper.

## ORDER

Based on the foregoing and being fully advised in the premises, **HEREBY ORDERS** that the Plaintiff's motion for reconsideration (Dkt No. 57) is **DENIED**.

DATED: **November 9, 2005**

Honorable Edward J. Lodge
U. S. District Judge

---

[2] As to the Title IX claim the Court determined Plaintiff failed to demonstrate pretext and as to the Title VII claim the Court concluded Plaintiff had failed to establish the elements of the prima facie case. These findings were true even giving Plaintiff every possible inference.